FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LANCE A. THOMASON,

Plaintiff,

v.

STATE OF WASHINGTON, COUNTY OF SPOKANE, SUPERIOR COURTS, COUNTY, CITY, PUBLIC SAFETY BUILDING, and DETENTION SERVICES,

Defendants.

No. 2:19-cv-00285-SMJ

**ORDER DISMISSING ACTION**

Before the Court, without oral argument, are Plaintiff's First Amended Complaint, ECF No. 9, his Declaration, ECF No. 10, and a Motion and Declaration for Service of Summons by Publication, ECF No. 11. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

By Order filed October 23, 2019, the Court advised Plaintiff, a pretrial detainee at the Spokane County Detention Services, of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty days. ECF No. 8. The Court cautioned Plaintiff that if he failed to comply with the directives in the Order, the Court would dismiss his complaint seeking monetary damages for

alleged double jeopardy violations. Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that it fails to cure the deficiencies of the initial complaint.

Specifically, Plaintiff fails to name as Defendants persons who are amenable to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding a suit against a superior court is a suit against a state, which is barred by Eleventh Amendment immunity); *cf. Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) (describing superior court judges as state agents or employees); *see also Nolan v. Snohomish County*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). He also failed to allege facts from which the Court could plausibly infer that the County of Spokane engaged in a pattern or practice that resulted in the deprivation of his constitutional rights. *Monell v. N.Y.C. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978).

Furthermore, the *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances not presented here. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). For the reasons set forth above and in

the Order to Amend or Voluntarily Dismiss, ECF No. 8, this action is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

**1.** This action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff pursuing available state court remedies.

**2.** The Motion and Declaration for Service of Summons by Publication, **ECF No. 11**, is **DENIED AS MOOT**.

**3.** Based on the Court's reading of *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048 (9th Cir. 2016), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

**4.** The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**5.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Plaintiff at his last known address.

**DATED** this 29th day of January 2020.

SALVADOR MENDOZA, JR.
United States District Judge